Filed 7/18/16  P. v. Hamilton CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>MARQUES HAMILTON,<br><br>　　　Defendant and Appellant. | B266552<br><br>(Los Angeles County<br>Super. Ct. No. NA034537) |

APPEAL from a judgment of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General; Gerald A. Engler, Chief Assistant Attorney General; Lance E. Winters, Senior Assistant Attorney General; Mary Sanchez, Deputy Attorney General; and Carl N. Henry, Deputy Attorney General, for Plaintiff and Respondent.

_____

In 1998, defendant Marques Hamilton received a third-strike sentence of 25 years to life in prison after being convicted of possession of a controlled substance. (See Health & Saf. Code, § 11350, subd. (a).) After Proposition 47 was passed, Hamilton filed a petition requesting that his conviction be reduced to a misdemeanor, and that he be resentenced. (See Pen. Code, § 1170.18.) The court granted the petition, resentencing Hamilton to 364 days in county jail with credit for time served, and one year of supervised parole. (See Pen. Code, § 1170.18, subd. (d).)

On appeal, Hamilton argues the trial court should have applied his excess presentence custody credits toward his one-year parole period. The Supreme Court recently addressed this issue in *People v. Morales* (2016) 63 Cal.4th 399 (*Morales*), holding that excess credit for time served does not reduce the one-year parole period described in section 1170.18, subdivision (d). Because *Morales* resolves the issue before us, we affirm.

## FACTUAL BACKGROUND

In 1998, the district attorney filed an information against Marques Hamilton alleging possession of a controlled substance in violation of Health and Safety Code section 11350, subdivision (a). The information further alleged that Hamilton had two prior convictions under the Three Strikes law. (See Pen. Code, §§ 667, subds. (a)-(i), 1170.12, subds. (a)-(d).)[1] Hamilton was found guilty of the offense, and both priors were found to be true. The court sentenced Hamilton to 25 years to life in prison.

On February 23, 2015, Hamilton filed a petition pursuant to Proposition 47 requesting that his third-strike offense be reduced to a misdemeanor, and that he be resentenced. (See § 1170.18, subd. (a).) Following a hearing, the trial court granted Hamilton's petition and reduced his crime to a misdemeanor. The court resentenced Hamilton to 364 days in jail, awarding 364 days of presentence custody credits. The court also ordered one year of supervised parole pursuant to section 1170.18, subdivision (d). Hamilton's counsel objected to the parole term, asserting that his excess presentence

---

[1]     Unless otherwise noted, all further statutory citations are to the Penal Code.

2

custody credits should be deducted from the supervised parole period. The trial court denied the request.

## DISCUSSION

The sole argument Hamilton raises on appeal is that the trial court was required to apply his excess custody credits toward his one year parole period, resulting in no period of parole. As discussed in more detail below, the California Supreme Court recently considered and rejected this same argument in *Morales, supra,* 63 Cal.4th at pp. 405-406.

### A. *Summary of Proposition 47 and Penal Code Section 1170.18*

"On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act (hereafter Proposition 47), which went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).)" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089 (*Rivera*).) "Proposition 47 makes certain drug and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors). . . . [¶] Relevant here, Proposition 47 amended Health and Safety Code section 11350. Prior to that amendment, possession of the controlled substances designated in subdivision (a) of that section was a felony. . . . [¶] As amended by Proposition 47, Health and Safety Code section 11350 now provides that a violation of that section is a misdemeanor," unless the defendant has been previously convicted of any felony specified in section 667, subdivision (e)(2)(C)(iv). (*Rivera, supra,* 233 Cal.App.4th at pp. 1091-1092.)

"Proposition 47 also created a new resentencing provision: section 1170.18." (*Rivera, supra,* 233 Cal.App.4th at p. 1092.) Under subdivision (a) of this provision, any person who is "'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47 may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47." (*Ibid*.) If the petitioner falls within the category of persons described in subdivision

3

(a), subdivision (b) requires the trial court to recall the petitioner's felony sentence, and resentence him or her to a misdemeanor "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).) Subdivision (d) further provides that "a person who is resentenced pursuant to subdivision (b) shall be given credit for time served and shall be subject to parole for one year following completion of his or her sentence, unless the court in its discretion, as part of its resentencing order, releases the person from parole."

### B. The Trial Court Did Not Err in Imposing One Year of Supervised Parole

Hamilton argues that the trial court was required to apply his "excess custody credits"—meaning the number of days by which his time served in prison exceeded his misdemeanor sentence—against the one year period of parole imposed under section 1170.18, subdivision (d), which would have resulted in no period of parole. He relies on section 2900.5, which provides that: (1) "in all felony and misdemeanor convictions," the defendant is entitled to credit for time served; and (2) such credit can be applied toward "any period of imprisonment" and "any period of . . . parole." (§ 2900.5, subds. (a) and (c); see also *In re Sosa* (1980) 102 Cal.App.3d 1002 [under section 2900.5, presentence custody credits in excess of a prisoner's term of imprisonment reduce the prisoner's time on parole]; *In re Ballard* (1981) 115 Cal.App.3d 647, 650 ["section 2900.5 credits may be applied against either or both of the period of incarceration and the parole period"].)

During the pendency of this appeal, the California Supreme Court issued *Morales, supra*, 63 Cal.4th at p. 399, which addresses—and rejects—the exact claim Hamilton has raised here. The defendant in *Morales* had pleaded guilty to felony possession of a controlled substance. Following the passage of Proposition 47, the "defendant petitioned the court to have the felony designated as a misdemeanor or, in the alternative, to reduce the felony conviction to a misdemeanor and resentence him. The court recalled his sentence, reduced the conviction to a misdemeanor, and imposed a jail

4

sentence of time served. Rejecting defendant's argument that his record did not warrant parole, it also imposed one year of parole." (*Id*. at p. 403.)

On appeal, the defendant argued that the trial court was required to apply his excess custody credits toward the one-year parole period set forth in section 1170.18, subdivision (d). The Court of Appeal agreed, concluding that section 2900.5 required the trial court to apply any excess custody credits toward the one-year period of parole. The Supreme Court reversed, concluding that although section 2900.5 ordinarily requires excess custody credits to be applied toward any period of parole "in the . . . situation of original sentencing," the statute does not apply to resentencings conducted under Proposition 47. (*Morales, supra,* 63 Cal.4th at p. 405.) The Court explained that "[o]n its face," section 1170.18, subdivision (d) requires persons who are resentenced under Proposition 47 to serve a "one-year parole period subject to the court's discretion to order otherwise. [The statute] states that the person shall receive credit for time served *and* shall be subject to parole." (*Ibid.* [emphasis in original].) The Court further explained that if, as the Court of Appeal had concluded, section 2900.5 was deemed to apply to Proposition 47 resentencings, "parole [would] be reduced or eliminated in many of the cases that section 1170.18 governs. Persons receiving a misdemeanor sentence under section 1170.18 will have been serving a felony sentence and, therefore, will often have substantial excess credit for time served. In those cases, if excess credits can reduce or eliminate the period of parole, the court's discretion will be curtailed or eliminated. Thus, the Court of Appeal's conclusion would undermine the trial court's discretion in many cases." (*Ibid.*)

The Supreme Court also noted that even if it "assume[d]" section 1170.18, subdivision (d)'s "seemingly mandatory . . . language [wa]s ambiguous," the ballot materials concerning Proposition 47 had specifically informed voters that "[o]ffenders who are resentenced would be required to be on state parole for one year, unless the judge chooses to remove that requirement.' [Citation.]" (*Morales, supra,* 63 Cal.4th at p. 407.) In the Court's view, this "easy to understand and entirely unambiguous" sentence had "promised voters that offenders would be on parole for one

5

year unless the judge deemed it not necessary.  Any reasonable voter would have understood the sentence to mean exactly what it said." (*Ibid*.)

In light of the Supreme Court's holding in *Morales*, we affirm the trial court's decision to impose the one-year term.[2]

**DISPOSITION**

The judgment is affirmed.

ZELON, J.

We concur:

PERLUSS, P. J.                    BLUMENFELD, J.[*]

---

[2]     Hamilton additionally argues that section 1170.18's requirement that resentenced defendants serve one year of supervised parole irrespective of custody credits violates the "double jeopardy" and "ex post facto" clauses of the United States and California Constitutions.  Hamilton acknowledges he did not raise these constitutional claims in the trial court, but contends we may consider the arguments for the first time on appeal because they involve "pure questions of law."  Even if we were to assume Hamilton has not forfeited these arguments (see generally *In re Jermaine B.* (1999) 69 Cal.App.4th 634, 645 ["the California Supreme Court has consistently applied waiver or forfeiture rules in the context of fundamental constitutional rights"]), we would find no merit in them.  Under Proposition 47's resentencing provision, Hamilton's sentence for possession of a controlled substance was reduced from 25 years to life in prison to 364 days in county jail, with credit for time served, and one year of supervised parole.  We fail to see how this sentence reduction could be construed as a violation of Hamilton's double jeopardy rights (see generally *People v. Craig* (1998) 66 Cal.App.4th 1444, 1448 [double jeopardy clause not violated where "aggregate sentence" imposed "after successful appeal of a conviction . . . was reduced"]), or otherwise made the punishment for his offense "more burdensome" than it was when he committed the offense.  (See *Collins v. Youngblood* (1990) 497 U.S. 37, 42 ["'any statute which . . . makes more burdensome the punishment for a crime, after its commission, . . . is prohibited as ex post facto'"].)

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.